Defendant-appellant, Robert A. Fatherly, appeals from a judgment of the Columbiana County Common Pleas Court classifying him as a "sexually oriented offender."
Appellant's arrest and subsequent conviction stemmed from a secret two count indictment filed October 3, 1989. The first count of the indictment charged appellant with rape, a violation of R.C. 2907.02(A)(1)(b). This count alleged that appellant had, on or about January, 1988, and continuing through May 6, 1989, engaged in sexual conduct with a twelve year old female victim. The second count of the indictment charged appellant with rape, a violation of R.C. 2907.02(A)(2). This count alleged that appellant had, on or about January, 1988, and continuing through April, 1989, engaged in sexual conduct with a fifteen year old female victim by force or threat of force.
On January 22, 1990, appellant pled guilty to both counts of the indictment. On January 23, 1990, the trial court sentenced appellant to an indefinite term of seven to twenty five years on each of the two counts to run concurrently.
The Ohio Department of Rehabilitation and Corrections screened appellant pursuant to House Bill 180 and recommended that appellant, who is presently incarcerated, be classified as a "sexual predator." The trial court consolidated appellant's case with other incarcerated defendants who were arguing that the application of the sexual predator statute to defendants who were convicted and sentenced prior to its effective date violated the Ohio Constitution's prohibition of retroactive legislation and the United States Constitution's prohibition of ex post facto
laws. On June 26, 1997, the trial court filed a judgment entry finding that the provisions of R.C. 2950.01, et seq., are not violative of the United States Constitution concerning ex postfacto laws or Ohio's Constitution prohibiting remedial laws as related to the circumstances of incarcerated defendants.
Accordingly, the trial court conducted a sexual predator classification hearing on February 26, 1993. The court filed a judgment entry on February 27, 1993, which stated in relevant part:
 "The Court after reviewing the original presentence investigation and considering the testimony of the Defendant, finds by clear and convincing evidence to determine the Defendant is a `Sexually Oriented Offender' having been convicted of or plead to a sexually oriented offense.
 "The Court informed the Defendant of his duty to register, pursuant to Ohio Revised Code § 2950.03, with the Sheriff in the county in which he establishes residency. As "Sexually Oriented Offender' the Defendant shall abide by those requirements for a period of ten (10) years with annual residence verification."
This appeal followed.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01 ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under his sole assignment of error, appellant presents four issues for review. Appellant's first issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
Subsequent to the filing of appellant's brief in this matter, the Ohio Supreme Court resolved the constitutional challenges raised by appellant's first issue presented for review in Statev. Cook(1998), 83 Ohio St.3d 404. The court held that R.C Chapter 2950, as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Id. at paragraphs one and two of the syllabus.
Appellant's second issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant's third issue presented for review questions:
 "WHETHER THE TRIAL COURT'S CLASSIFYING THE APPELLANT AS A `SEXUALLY ORIENTED OFFENDER,' VIOLATED THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."
This court addressed issues identical to those raised by appellant's second and third issues presented for review in Statev. Woodburn(Mar. 23, 1999), Columbiana App. No. 98-CO-6, unreported. We hereby adopt and incorporate our resolution of those corresponding issues from that opinion herein.
Accordingly, appellant's sole assignment of error is without merit. The decision of the trial court is hereby affirmed.
COX, J., concurs.
WAITE, J., concurs.